LORAIN COUNTY SAV. & TR. CO.
et v. HAYNES.

Ohio Appeals, 9th Dist., Lorain Co.

No. 421. Decided Oct. 20, 1927.

First Publication of this Opinion.

SYLLABUS BY THE COURT.

1025. REPLEVIN—923. Pleadings—In a petition in replevin, allegations that plaintiff is the owner, and entitled to the possession, of certain goods and chattels and that defendant has and retains them and refuses to deliver them to plaintiff on plaintiff's request, constitute an averment that defendant wrongfully detains said goods and chattels.

485. EXECUTORS AND ADMINISTRATORS—656. Interpleader—A defendant, against whom an action in replevin has been commenced by a person claiming to be the absolute owner and entitled to the possession of goods and chattels that come into defendant's possession as administrator, may, under Sec. 11265 GC., interplead the executor of said estate, appointed under a will probated after the defendant had been appointed administrator of said estate.

128a. BAR—27. Actions—A pending action by executors against L., who was a former administrator of the same estate, appointed before probate of the will under which the executors were appointed, and one H., under Sec. 10673 GC., asking that said L. and H. appear in probate court to be examined on oath touching the matter of their having concealed, embezzled or conveyed away certain goods and chattels belonging to the estate of the decedent, is not a bar to the trial of an action in replevin for the same goods and chattels, commenced by H. against L., who interpleaded said executors as defendants prior to the commencement of the proceedings against H. and L. by said executors under Sec. 10673 GC., and in which replevin suit an order of interpleader had been ordered against said executors, making them parties defendant, and they had filed their answer.

Error to Common Pleas.

Judgment affirmed.

F. M. Stevens and C. J. Maple, Elyria, for Lorain Co. Sav. & Tr. Co.

Fauver & Fauver, Elyria, for Haynes.

STATEMENT OF FACTS.

Joseph B. Haynes, who will hereinafter be referred to as plaintiff, filed his petition in the Common Pleas Court to replevin, from the Lorain County Savings & Trust Co., five rings and other jewelry.

Without answer, the Trust Co. filed an affidavit of interpleader, stating that the executors of the estate of Marguerite M. Haynes, deceased, also claimed said property, and that it did not know to whom it could safely deliver it, and that it was ready and willing to dispose of and deliver the same as the court might direct. An order of interpleader was allowed against said executors, and they became defendants in 'this action, and filed a motion to vacate the order of interpleader and they demurred to the petition; both of which being overruled, they filed an answer.

Prior to the time of decedent's last sickness, she rented a safety deposit box in the vault of the Trust Co. and placed part of the jewelry therein. After she was taken to the hospital, the remainder of it was deposited with the Trust Co., in a sealed envelope, by a brother of the decedent. After her death, the deposit box was opened, under the supervision of the tax commission of Ohio, and all the jewelry in controversy was then placed therein by the Trust Co. as administrator of her estate.

On Sept. 25, 1925, the Trust Co. was appointed administrator of the estate of said decedent Marguerite H. Haynes. On Oct. 13, 1925, a will of decedent was filed in Probate Court. On Oct. 15, 1925, said Trust Co., as administrator, filed its inventory of her estate, listing all of the jewelry in question as her property. On Nov. 18, 1925, the will was admitted to probate, and her two brothers, Francis E. Moran and Theodore E. Moran, were appointed executors of her will and an order of appraisement issued to them as such executors.

On Dec. 7, 1925, the Trust Co. filed its final account to which the executors filed exceptions because it failed to show delivery, to said executors, of the jewelry in controversy, and, on the same day, commenced proceedings against plaintiff and said Trust Co., in said Probate Court, under 10673 GC., asking that a writ of citation be issued requiring them to appear in court for examination for having concealed, embezzled or conveyed away said jewelry, and which proceedings and exceptions are yet pending in that court.

This case was tried below upon the petition, as amended by interlineation during trial, and the joint answer of the executors, which is a general denial. A verdict was returned for the plaintiff, on which judgment was entered. The case is here on error, seeking to reverse that judgment.

OPINION OF COURT.

The following is taken, verbatim, from the opinion:

FUNK, J.

The first error complained of is that the court erred in overruling the motion of the executors to direct a verdict in their favor, not only at the close of the evidence for the plaintiff, in chief, but also at the close of all the evidence, for four reasons; first, that the petition does not state facts sufficient to constitute a cause of action; second, that the court was without jurisdiction to hear this case;

third, that it is not a case in which an affidavit for interpleader could be properly filed; and fourth, that there is no evidence to support the allegations of the petition.

Omitting the formal parts and the description of the jewelry, the petition reads as follows:

"Plaintiff says that he is the owner and entitled to possession of the following goods and chattels: (here follows a description of the jewelry). The defendant has and retains possession of the above-described property, and refuses to deliver the same to plaintiff, although requested to do so."

An unreversed decision of our Supreme Court, Grever & Sons v. Taylor, 53 OS. 621, and which has since been followed by Ohio courts, held that a petition in replevin, which alleged that defendant wrongfully detains from plaintiff certain goods of the plaintiff, and describes them, is sufficient without a special averment that plaintiff is entitled to possession. Applying this principle, we believe the language used, as above set forth, is sufficient to show such detention, because, if the plaintiff is the owner and entitled to possession and defendant retains the property and refuses to deliver the same to him upon his request to do so, it must necessarily follow that such detention cannot be otherwise than wrongful or unlawful. We are, therefore, clearly of the opinion that the petition states a good cause of action.

Counsel for the executors contend that the court had no jurisdiction of the subject matter of this action, because the jewlery was under the jurisdiction of the Probate Court by having been listed and appraised by the Trust Co., as administrator, as the property of decedent, and by exceptions having been filed, by the executors, to the final account of the Tiust Co., as administrator, on the ground that it did not show delivery of the property in controversy to the executors, and for the further reason that said executors had commenced proceedings in Probate Court under 10673 GC. against the plaintiff and the Tiust Co. to require them to appear and be examined for having concealed, embezzled or conveyed away said jewelry, and cite Tibbott v. Cadisch, 35 C. D. 505 in support of this contention.

It will be noted that, in that case, the administratrix first commenced her action in replevin in the Common Pleas Court, and then commenced the proceedings, under 10673 GC., in the Probate Court, against the same defendant, and first prosecuted the latter proceedings to final judgment, which resulted in favor of the defendant; that the administratrix then attempted to try the replevin case, and the court held that the proceedings, under 10673 GC., in the Probate Court, having been prosecuted to final judgment, was a bar to the replevin suit.

In the instant case, it is conceded that the exceptions to the account of the Trust Co. and the proceedings commended by the executors in the Probate Court under 10673 GC., were commenced after the replevin suit had been commenced, and that they are yet pending and have not been determined in that court. Furthermore, the replevin suit, in the instant case, was commenced by the plaintiff, not as an heir or devisee claiming through the estate, but as an outside or third person claiming the absolute ownership as against the estate and the right to the immediate possession of the jewelry; and claiming to be such owner, he had the right to commence his action at once against anyone in possession, either by suit in replevin or such other proceedings as would try his right to the property. He had no right of action under 10673 GC. and was not required to wait to bring his action until the administrator turned over the jewelry to the executors or until the executors would commence an action under said 10673 GC. or file exceptions to the account of the administrator.

Whether or not either the exceptions of the executors to the final account of the Trust Co. or their proceedings under 10673 GC. in Probate Court were a proper remedy to determine the right of property under the conceded facts in this case, it is not necessary to determine, as we are clearly of the opinion, both upon principle and authority, that in any event they could not be a bar to his action and deprive the court below of jurisdiction unless they had been prosecuted to a final determination in the Probate Court prior to the trial in the instant case. We therefroe find no error in this particular.

So far as anything appears from the face of the petition and the affidavit, the Trust Co. had the right under 11265 GC. to file the affidavit or interpleader just as it did do, and the statute was properly followed. Bank v. Beebe, 62 OS. 41; Kerr v. Bowers. 26 CC. (N.S.) 286.

However, it is contended by counsel for the executors that the Trust Co. never had possession of said jewelry in its individual capacity; that after it had been appointed administrator, the deposit box opened by the tax commission and it had listed said jewelry in its inventory as administrator and appraised it as the property of decedent, that it then had possession only as administrator and not in its individual or corporate capacity, and having been made defendant only in its corporate or individual capacity and in which capacity it did not have possession, that its only proper course was to have answered and not to have interpleaded, and that its duty, as such administrator, was to have turned over the property to the executors; and that even though the petition and affidavit of interpleader may be regular on their face, the evidence in such that the Trust Co. was not entitled to file such affidavit of interpleader, and that it was, therefore, error for the court to overrule the motion of said executors for a directed verdict both at the close of the plaintiff's case and at the close of all the testimony.

It is also contended by counsel for the executors that, decedent having put a part of the jewelry in a safety deposit box, and the Trust Co. having received the remaining part of it in a sealed envelope for safe keeping, the relation of bailor and bailee or that of landlord and tenant existed between the estate of decedent and the Trust Co. and that this relationship existed after the executors were appointed under the will, even though the Trust Co. had been previously appointed administrator of the estate and taken possession of the jewelry as such administrator.

We think this contention is somewhat inconsistent with the above contention that the Trust Co. had possession only as administrator, and that the authorities cited to sustain this

position are inapplicable to the facts in the instant case. In any event, the Trust Co. was not a bailor or a landlord at the time of the commencement of this suit.

After the Trust Co. had been appointed administrator and the jewelry came into its possession as such, the Trust Co. was in the same position as an individual would be who had been appointed such administrator and the Trust Co. had turned the jewelry over to such administrators and he had placed it in his private safe. After the executors were appointed, duties of the Trust Co. as administrator ended, except to safely keep the property, close the administratorship, and turn it over to the executor.

We are, therefore, of the opinion, under the facts of this case, that it was immaterial whether the action in replevin was against the Trust Co. in its individual capacity or as administrator or both, and we find no prejudicial error in the overruling of the motion to direct a verdict for the executors for this reason.

Finding no prejudicial error, the judgment of the court below is affirmed.

(Washburn, PJ. and Pardee, J., concur.)